**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

In re:

**MITCHEL LOUIS HARVEY,**                       **CHAPTER 13**

    **DEBTOR.**                                      **CASE NO. 19-10556**

**CARVANA, LLC,**

    **MOVANT,**

vs.

**MITCHEL LOUIS HARVEY
and TIMOTHY P. BRANIGAN, TRUSTEE,**

    **RESPONDENTS.**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    Carvana, LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §362, for relief from the automatic stay with respect to a **2017 Infiniti Q70 2WD V6 VIN xxxxxxxxxxxxx1008** (the "Property"), for all purposes allowed by the Retail Installment Contract and Security Agreement and applicable law. In further support of this Motion, Movant respectfully states:

    1.    A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on January 15, 2019.

    2.    A hearing to consider confirmation of the Chapter 13 Plan of the Debtor is scheduled for April 16, 2019.

    3.    Upon information and belief, the Movant has a validly perfected security interest in a **2017 Infiniti Q70 2WD V6 VIN xxxxxxxxxxxxx1008**, pursuant to a valid Retail Installment Contract and Security Agreement dated November 20, 2018. A copy of the Retail Installment Contract and Security Agreement and a copy of the evidence of the Maryland Notice of Security Interest Filing establishing Movant's security interest are attached hereto as <u>Exhibit A</u>.

    4.    Bridgecrest Credit Company, LLC is servicing agent for the Movant.

    5.    As of January 22, 2019, the unpaid principal balance due is $19,905.00 and the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $20,709.12.

6. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Retail Installment Contract and Security Agreement as of January 22, 2019:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 1 | 01/20/2019 | 01/20/2019 | $500.00 | $500.00 |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) |

**Total Post-Petition Payments:   $500.00**

7. As of January 22, 2019, the total post-petition arrearage/delinquency is $500.00, consisting of (i) the foregoing total of post-petition payments in the amount of $500.00, plus (ii) the following fees:

| Fee Description | Amount |
|---|---|
| N/A | $0.00 |

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $631.00 in legal fees and costs.

9. A post-petition payment history is attached hereto as Exhibit 1.

10. The estimated value of the Property is $27,425.00. The basis for such valuation is: NADA, a copy of which is attached hereto as Exhibit B.

11. Cause exists for relief from the automatic stay for the following reasons:

   i. Movant's interest in the Property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by applicable law and the Retail Installment Contract and Security Agreement to enforce its remedies to obtain possession of the Property and any and all other collateral pledged under the Retail Installment Contract and Security Agreement.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Dated: January 28, 2019

                                    CARVANA, LLC

                                    By: /s/Randa S Azzam
                                    Randa S. Azzam, Esquire, Bar No. 22474
                                    John E. Driscoll, Esquire, Bar No. 17161
                                    Michael T. Freeman, Esquire, Bar No. 19131
                                    Daniel J. Pesachowitz, Esquire, Bar No. 14906
                                    Samuel I. White, P.C.
                                    611 Rockville Pike
                                    Suite 100
                                    Rockville, MD 20852
                                    Tel: (301) 804-3400
                                    Fax: (301) 838-1954
                                    RAzzam@siwpc.com

## CERTIFICATE OF SERVICE

    I certify that on January 28, 2019, the foregoing Motion was served via CM/ECF on Timothy P. Branigan, Trustee, at the email address registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Mitchel Louis Harvey, *Pro Se* Debtor, 3310 N. Leisure World Blvd, #520, Silver Spring, MD 20906.

                                    **/s/Randa S Azzam**
                                    Randa S. Azzam, Esquire
                                    Samuel I. White, P. C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

**In re:**

| | |
|---|---|
| **MITCHEL LOUIS HARVEY,** | **CHAPTER 13** |
| **DEBTOR.** | **CASE NO. 19-10556** |

**CARVANA, LLC,**

    **MOVANT,**

**vs.**

**MITCHEL LOUIS HARVEY
and TIMOTHY P. BRANIGAN, TRUSTEE,**

    **RESPONDENTS.**

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT TO MOTION
FOR RELIEF FROM THE AUTOMATIC STAY AND HEARING THEREON**

    Carvana, LLC ("Movant"), has filed papers with the court seeking relief from the automatic stay of 11 U.S.C. §362(a) to enable it to proceed to enforce its remedies pursuant to its Retail Installment Contract and Security Agreement referencing the subject property known as **2017 Infiniti Q70 2WD V6 VIN xxxxxxxxxxxxx1008**. Your rights may be affected. You should read these papers carefully and discuss them with your lawyer, if you have one in this bankruptcy case. (If you do not have a lawyer, you may wish to consult one.).

    If you do not want the court to grant the motion for relief from the stay, or if you want the court to consider your views on the motion, then by **February 11, 2019** (parties served by mail may add three (3) additional days to the response deadline) you or your lawyer must file a written response with the Clerk of the Bankruptcy Court explaining your position and mail a copy to:

| | |
|---|---|
| Randa S. Azzam | Timothy P. Branigan |
| 611 Rockville Pike | 9891 Broken Land Parkway |
| Suite 100 | Suite 301 |
| Rockville, MD 20852 | Columbia, MD 21046 |

    If you mail a copy rather than deliver your response to the Clerk of the Bankruptcy Court for filing, you must mail it early enough so that the Court will receive it by the date stated above.

    The hearing is scheduled for **February 25, 2019** at **10:00 AM**, in the United States Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane Suite 300, Greenbelt, MD 20770, **Courtroom 3-E**.

IF YOU OR YOUR LAWYER DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

DATE SERVED:  January 28, 2019

> By: /s/Randa S Azzam
> Randa S. Azzam, Esquire, Bar No. 22474
> John E. Driscoll, Esquire, Bar No. 17161
> Michael T. Freeman, Esquire, Bar No. 19131
> Daniel J. Pesachowitz, Esquire, Bar No. 14906
> Samuel I. White, P.C.
> 611 Rockville Pike
> Suite 100
> Rockville, MD 20852
> Tel: (301) 804-3400
> Fax: (301) 838-1954
> RAzzam@siwpc.com

CERTIFICATE OF SERVICE

I certify that on January 28, 2019, the foregoing Notice of Motion was served via CM/ECF on Timothy P. Branigan, Trustee, at the email address registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Mitchel Louis Harvey, *Pro Se* Debtor, 3310 N. Leisure World Blvd, #520, Silver Spring, MD 20906.

> **/s/Randa S Azzam**
> Randa S. Azzam, Esquire
> Samuel I. White, P. C.

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC<br>63 PIERCE RD<br>WINDER GA 30680-7280 | Mitchel Harvey<br>3310 N Leisure World Blvd<br>Silver Spring MD 20906 | No. _____<br>Date _____11/20/18_____ |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ __4,586.00__. |
|---|---|---|---|---|
| __21.95__ % | $ __15,961.80__ | $ __19,905.00__ | $ __35,866.80__ | $ __40,452.80__ |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 500.00 | monthly beginning 12/20/18 |
| 1 | $ 366.80 | 11/20/24 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 15 days after its due date, you will be charged a late charge of the greater of 10% of the unpaid amount of the payment due or $5.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2017 | INFINITI | Q70 | Sedan | ████1008 | 32728 |

Other: N/A

☐ New
☒ Used
☐ Demo

## Description of Trade-In

| N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ____N/A____
____N/A____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

Contract until paid in full. You agree to pay this Contract according to the payment schedule shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Late Charge. If all or any portion of a payment is not paid within 15 days after its due date, you will be charged a late charge of the greater of 10% of the unpaid amount of the payment due or $5.00.**

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ __19,905.00__ plus finance charges accruing on the unpaid balance at the rate of __21.95__ % per year from the date of this

---

Retail Installment Contract-MD Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSMV10LFLZMD 10/10/2015
Page 1 of 5

Represents Redacted Information

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

The following charges are included in the Cash Price of Vehicle:

Dealer Processing charge (not required by law)

$ _____ 0.00 _____ .

Freight Charge $ _____ 0.00 _____ .

**Statutory Authority.** This sale is made under Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

### Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 1,368.00 ) | $ 24,168.00 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 4,586.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ 4,586.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 19,582.00 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 323.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Optional Mechanical Repair Contract | $ N/A |
| o. | To: N/A | $ N/A |
| p. | To: N/A | $ N/A |
| q. | To: N/A | $ N/A |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | **Total Other Charges/Amts Paid** (k thru x) | $ 323.00 |
| z. | **Prepaid Finance Charge** | $ 0.00 |
| aa. | **Amount Financed** (j+y-z) | $ 19,905.00 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single   ☐ Joint   ☐ None

Premium $ _____ N/A _____   Term _____ N/A _____
Insured _____ N/A _____

**Credit Disability**

☐ Single   ☐ Joint   ☐ None

Premium $ _____ N/A _____   Term _____ N/A _____
Insured _____ N/A _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____ N/A _____   _____ N/A _____
                                                         DOB

By: _____ N/A _____   _____ N/A _____
                                                         DOB

By: _____ N/A _____   _____ N/A _____
                                                         DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____ 1,000 _____ . If you get insurance from or through us you will pay $ _____ N/A _____ for _____ N/A _____ of coverage.

This premium is calculated as follows:

☐ $ ___ N/A ___ Deductible, Collision Cov.   $ ___ N/A ___
☐ $ ___ N/A ___ Deductible, Comprehensive   $ ___ N/A ___
☐ Fire-Theft and Combined Additional Cov.   $ ___ N/A ___
☐ ___ N/A ___   $ ___ N/A ___

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

[This area intentionally left blank.]



## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Optional Mechanical Repair Contract**
Term         N/A    months
Price        $      N/A
Coverage            N/A

☐ **Gap Waiver or Gap Coverage**
Term         N/A    months
Price        $      N/A
Coverage            N/A

☐            N/A
Term                N/A
Price        $      N/A
Coverage            N/A

_signature_                         11/20/18
By: Mitchel Harvey                  Date

N/A                                 N/A
By:                                 Date

N/A                                 N/A
By:                                 Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is dishonored on the second presentment, you agree to pay a fee of $15.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Maryland and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract to the extent the law permits us to charge you these amounts. You also agree to pay reasonable attorneys' fees if we refer this Contract to an attorney who is not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract, subject to any right the law gives you to cure or to reinstate this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, and subject to your right, if any, to cure the default and reinstate the Contract, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by judicial process or self-help, (without resort to judicial process), but in doing so we may not breach the peace or unlawfully enter onto your premises.
◆ If you do not exercise any right the law gives you to redeem or cure the default and reinstate the Contract, we may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.
◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

---

Retail Installment Contract-MD Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

RSMV10LFLZMD 10/_/2015
Page 3 of 5

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| **By:** | **Date** |
| Signature of Third Party Owner (NOT the Buyer) | |

*[This area intentionally left blank.]*

*[This area intentionally left blank.]*



☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

| By: Mitchel Harvey | 11/20/18 Date |
|---|---|
| By: N/A | N/A Date |
| By: N/A | N/A Date |

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You acknowledge delivery and receipt of a completely filled in, signed copy of this Contract. You have had a chance to read and review this Contract before you signed it.

**Buyer**

| By: Mitchel Harvey | 11/20/18 Date |
|---|---|
| By: N/A | N/A Date |
| By: N/A | N/A Date |

**Seller**

| By: CARVANA, LLC | 11/20/18 Date |
|---|---|

**Assignment.** This Contract and Security Agreement is assigned to N/A _____ , the Assignee, phone _____N/A_____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**

| By: N/A | Date |
|---|---|

---

Retail Installment Contract-MD Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015


RSMV10LFLZMD 10/00/2015
Page 5 of 5



MARYLAND DEPARTMENT OF TRANSPORTATION
MOTOR VEHICLE ADMINISTRATION

**MARYLAND NOTICE OF SECURITY FILING**
DO NOT ACCEPT THIS DOCUMENT SHOWING ANY ERASURES, ALTERATIONS OR VOIDS.

## THIS IS NOT A TITLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | BODY STYLE | CLASS | ODOMETER | BRAND | TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| ▇▇▇▇▇1008 | 17 | INFI | 4S | A | 32777 | A | ▇▇▇▇▇ |

| EXCEPT | GR. VEH. WT | GR. COMB. WT | FEE (TAGS) | INSPECTION DATE | DATE ISSUED |
|---|---|---|---|---|---|
| N/A | +3700 | 00N/A | $76.50 | 11/19/18 | 12/05/18 |

OWNER'S SOUNDEX / DRIVER'S LICENSE NO.     CO-OWNER'S SOUNDEX / DRIVER'S LICENSE NO.

**NAME(S) AND ADDRESS OF REGISTERED OWNER(S)**

MITCHEL LOUIS HARVEY
3310 N LEISURE WORLD BLVD 520
SILVER SPRING   MD 20906-5663

**ODOMETER CODES**
A. Actual Mileage
B. Exceeds Mechanical Limits
C. Not Actual Mileage

THIS IS TO CERTIFY THAT A SECURITY INTEREST HAS BEEN DULY FILED WITH THE MOTOR VEHICLE ADMINISTRATION IN THE NAME OF THE SECURED PARTY BELOW ON THE VEHICLE DESCRIBED.

**TERMINATION STATEMENT**
I, THE UNDERSIGNED, DO HEREBY RELEASE ALL RIGHTS AND INTERESTS IN THE VEHICLE DESCRIBED ABOVE.

SIGNATURE OF SECURED PARTY          OFFICIAL CAPACITY          DATE OF RELEASE

**NAME AND ADDRESS OF SECURED PARTIES**

CARVANA LLC
P O BOX 29002
PHOENIX   AZ 85038

OFFICIALLY ISSUED ON THE DATE SET FORTH          ADMINISTRATOR OF MOTOR VEHICLES


Represents Redacted Information

VR-002 (11-17)

THIS DOCUMENT CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT

Exhibit 1

Transaction History

| Transaction Date | Transaction Amount | Transaction Event | Reversal Reason | NSFDate | Due Date | Next Due Date | Principal | Interest | Late Fee | Principal Outstanding | Posted Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/9/2019 | (505.00) | Payment Reversal--ONE TIME ACH PAYMENT | NSF - Insufficient Funds | 1/11/2019 | | 12/20/2018 | 0.00 | (500.00) | (5.00) | 19,905.00 | 1/11/2019 |
| 1/9/2019 | 505.00 | Normal Payment--ONE TIME ACH PAYMENT | | | | 1/20/2019 | 0.00 | 500.00 | 5.00 | 19,905.00 | 1/9/2019 |
| 1/4/2019 | (5.00) | Late Fee Assessment | | | | 12/20/2018 | 0.00 | 0.00 | (5.00) | 19,905.00 | 1/4/2019 |
| 12/28/2018 | (500.00) | Payment Reversal--ONE TIME ACH PAYMENT | NSF - Account Closed | 1/2/2019 | | 12/20/2018 | (45.13) | (454.87) | 0.00 | 19,905.00 | 1/2/2019 |
| 12/28/2018 | 500.00 | Normal Payment--ONE TIME ACH PAYMENT | | | | 12/20/2018 | 45.13 | 454.87 | 0.00 | 19,859.87 | 12/28/2018 |
| 12/20/2018 | (500.00) | Payment Reversal--DT Auto Pay | NSF - Insufficient Funds | 12/24/2018 | 12/20/2018 | 12/20/2018 | (140.90) | (359.10) | 0.00 | 19,905.00 | 12/24/2018 |
| 12/20/2018 | 500.00 | Normal Payment--DT Auto Pay | | | 1/20/2019 | 1/20/2019 | 140.90 | 359.10 | 0.00 | 19,764.10 | 12/20/2018 |



# NADAguides Value Report 1/22/2019

Exhibit B

## 2017 INFINITI Q70

Sedan 4D V6

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $19,775 | $21,925 | $23,725 | $25,850 |
| Mileage (34,777) | N/A | N/A | N/A | N/A |
| Total Base Price | $19,775 | $21,925 | $23,725 | $25,850 |
| **Options** (add) |  |  |  |  |
| **Price + Options** | **$19,775** | **$21,925** | **$23,725** | **$25,850** |
| Certified Pre-Owned (CPO) |  |  |  | +$1,575 |
| **Certified Price with Options** |  |  |  | **$27,425** |

**Rough Trade-In** - Rough Trade-in values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In** - The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In** - Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail** - Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

© 2019 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.